IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CANDICE S. KEHOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 3:19-cv-97 |
| | ) |
| HAMDIJA EFENDIC and E & A TRUCKING LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants Hamdija Efendic and E & A Trucking LLC (hereinafter also collectively referred to as "Defendants"), pursuant to 28 U.S.C §§ 1441, 1446, and invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1332, hereby remove this action, *Candice S. Kehoe v. Hamdija Efendic and E & A Trucking LLC*, Case No. 18-L-0809, Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.  In support, Defendants state as follows:

## Background Facts

1. On December 14, 201817, Plaintiff Candice S. Kehoe filed a civil action against Hamdija Efendic and E & A Trucking LLC in the Twentieth Judicial Circuit, St. Clair County, Illinois. A copy of the Complaint is attached hereto as Exhibit A.

2. In her Complaint, Plaintiff alleges that she sustained "severe and permanently disabling" personal injuries on February 9, 2018, as a result of a collision between the vehicle operated by Plaintiff and a tractor-trailer operated by Defendant Efendic on Illinois Route 4 approaching its intersection with the Interstate 64 westbound exit ramp in Mascoutah, St. Clair County, Illinois.  Exhibit A, ¶¶ 2-4.

3.  E & A Trucking LLC was served with a copy of the Summons and Plaintiff's Complaint on or about January 3, 2018.  A copy of the Summons is attached hereto as Exhibit B.

4.  Defendant Efendic was served with a copy of the Summons and Plaintiff's Complaint on January 3, 2018.  A copy of the Summons is attached hereto as Exhibit C.

### Jurisdiction and Basis for Removal

5.  This Notice of Removal is being filed within thirty (30) days after service of a copy of the original Complaint, and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  The time for Defendants to answer, move, or otherwise plead with respect to Plaintiff's Complaint has not yet expired.

6.  This Court has jurisdiction over this matter under 28 U.S.C. §1332, in that there is absolute diversity amongst the parties – the plaintiff is not a citizen of the same state as any of the defendants – and the amount in controversy exceeds $75,000.00.

### I.  There is Absolute Diversity of Citizenship among the Parties

7.  As stated in the Complaint, Plaintiff is a citizen of the State of Illinois, residing in Belleville, St. Clair County, Illinois.

8.  E & A Trucking is a Missouri limited liability company, whose sole member, Senad Osmanovic, is a citizen of the State of Missouri, residing in St. Louis, Missouri.

9.  Defendant Efendic is a citizen of the State of Missouri, residing in St. Louis, Missouri.

10. As such, there is complete diversity between Plaintiff and all Defendants.

### II.  The Amount in Controversy is in Excess of $75,000.00

11. To have jurisdiction of under 28 U.S.C. §1332, the amount in controversy must be

in excess of $75,000.00, exclusive of interest and costs.

12. The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the amount in controversy requirements of diversity jurisdiction have been met. *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (internal citations omitted). This burden is met by supporting the allegations of jurisdiction with competent proof. *Id*. Reasonable proof is defined in the 7th Circuit as evidence which proves to a reasonably probability that jurisdiction exists. *Id*. (citing *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)).

13. Generally, the amount in controversy can be determined from the complaint, but where there is no controlling *ad damnum* clause, the defendant must show by a preponderance of the evidence that the stakes are at least $75,000.00. *Andrews v. E .E. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (internal citations omitted). General knowledge of the claims made and the type of injuries alleged can be sufficient to establish this standard. *Id*.

14. Additionally, the U.S. Supreme Court has held that a claim will only fail to meet the requisite jurisdictional threshold when it appears, to a legal certainty, that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

15. Plaintiff's Complaint states claims in excess of $50,000.00, but fails to state an exact amount of damages sustained by Plaintiff.

16. In both counts of the Complaint, Plaintiff alleges that she suffered "severe and permanent disabling injuries" as a result of the incident at issue, including "injuries to her left knee; right eye, neck, back and other portions of her body;" "great pain and mental anguish;"

lost earnings and future wages; "permanent disability and disfigurement;" and past and future medical expenses.  Exhibit A, ¶ 4.

17. Further, upon information and belief, Plaintiff was admitted to the intensive care unit and diagnosed with a C2 cervical fracture, thoracic spine compression fractures, and other injuries following the occurrence; has incurred medical expenses exceeding $170,000.00, lost wages of $4,400.00; and has made a pre-suit settlement demand for $1,000,000.00.

18. The nature and extent of the injuries and damages alleged in Plaintiff's Complaint, as well as information learned during the investigation following the occurrence at issue, satisfies Defendants' burden that the amount in controversy is in excess of the jurisdictional requisite of $75,000.00.

## Other Requirements

19. Removal to the United States District Court for the Southern District of Illinois is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Twentieth Judicial Circuit, St. Clair County, Illinois, which is located within the territorial jurisdiction of this District Court.

20. True and correct copies of all process, pleadings and orders served upon Defendants are being filed contemporaneously with this Notice of Removal.  *See* Exhibit A-C.

21. Written notice hereof is being provided to Plaintiff and a copy of this Notice of Removal is being filed contemporaneously with the Circuit Court of St. Clair County, Illinois, in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice to State Court of Filing of Notice of Removal sent to the Circuit Court of St. Clair County, Illinois, for filing is attached hereto as Exhibit D.

WHEREFORE, Defendants Hamdija Efendic and E & A Trucking LLC respectfully request that this action be removed as set forth above.

### Demand for Jury Trial

Defendants hereby demand a trial jury on all counts of the above-entitled action.

Dated: February 1, 2019                               Respectfully submitted,

                                        **HAMDIJA EFENDIC and**
                                        **E & A TRUCKING LLC, Defendants**

                                        BY:  */s/ Jennifer L. Maloney*
                                              HEYL, ROYSTER, VOELKER & ALLEN
                                              Robert J. Bassett #6192950
                                              Jennifer L. Maloney #6282750

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
P.O. Box 775430
St. Louis, Missouri 63177
Phone: 314.241.2018
Primary e-service: stlecf@heylroyster.com
Secondary e-service #1: rbassett@heylroyster.com
Secondary e-service #2: jmaloney@heylroyster.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record on February 1, 2019, via the Court's CM/ECF system.

                                         */s/Jennifer L. Maloney*